IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee of the Citigroup Mortgage Loan Trust Inc. Asset-Backed Pass-Through Certificates, Series 2007-AMC2<br>　　　Plaintiff,<br><br>v.<br><br>CHARLES FOSTER MALLOY,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>No. 3:24-CV-0382-B-BW<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff U.S. Bank National Association's Motion to Compel Defendant's Discovery Responses filed on September 29, 2025. (Dkt. No. 59 ("Mot.").) Defendant has not filed a response within the time permitted. *See* N.D. Tex. L. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). The Court concludes that the motion should be granted.

### I. BACKGROUND

U.S. Bank, as trustee of a mortgage securitization trust, filed this action to enforce and recover damages for alleged breach of a mortgage loan agreement. (*See*

---

[1] On October 1, 2024, U.S. District Judge Jane J. Boyle referred this case to the undersigned magistrate judge for pretrial management. (Dkt. No. 21.)

Dkt. No. 1 ("Compl.").) It alleges that, in 2006, its predecessor-in-interest loaned Defendant Charles Foster Malloy a principal amount of $320,000 upon execution of a home equity note and that the relevant parties agreed to subsequent modifications of the loan agreement. (*See* Compl. ¶¶ 7-24.) U.S. Bank alleges, however, that Malloy has failed to make payments on the loan beginning in February 2020 and each month thereafter. (*Id.* ¶ 29.) U.S. Bank further alleges that it has provided all necessary notifications to Malloy, who has not cured his default. (*Id.* ¶¶ 30-33.) U.S. Bank alleges that Malloy's current amount due is not less than $443,659.51. (*Id.* ¶ 35.) It asserts claims for breach of contract and requests judicial foreclosure. (*Id.* ¶¶ 36-59.)

On June 16, 2025, U.S. Bank's counsel sent Malloy, who is an attorney appearing pro se in this action, Plaintiff's First Set of Requests for Production. (Dkt. No. 60 ("App.") at ECF 4.)[2] The set contains 13 requests for production. (App. 8-10.) U.S. Bank contends that, after 30 days passed without any response or request for extension from Malloy, it filed its first motion to compel. (Mot. at 2; *see* Dkt. No. 43.) The parties then participated in a court-ordered conference on the motion, after which U.S. Bank agreed to withdraw its motion and extend Malloy's deadline to

---

[2] The Court cites to pages of U.S. Bank's supporting appendix using the page number assigned by the ECF system that appears in blue at the top of the page. This is necessary because U.S. Bank has not followed N.D. Tex. L. Civ. R. 7(i)(4).

respond to the requests for production by September 5.  (Mot. at 2; *see* Dkt. No. 48.)  After Malloy did not respond by the extended deadline, the parties again conferred and U.S. Bank again extended Malloy's deadline until September 15.  (Mot. at 2.)  U.S. Bank's counsel reached out to Malloy again and advised that the instant motion would be filed if Malloy did not serve discovery responses by September 26.  (*Id.*)  Malloy still has not responded to the discovery requests.  (*Id.* at 2-3.)

### I.  LEGAL STANDARDS AND ANALYSIS

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Federal Rule of Civil Procedure 37(a)(3)(b)(iv) authorizes a party to move for an order compelling the production or inspection if "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable."  *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 242 (N.D. Tex. 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also MC Trilogy Texas, LLC v. City of Heath, Texas*, No. 3:22-CV-2154-D, 2023 WL 3635639, at *3 (N.D. Tex. May 24, 2023) ("The burden is on the party resisting discovery . . . to establish why the motion to compel should not be granted.").

Because Malloy has failed to respond to U.S. Bank's motion to compel, he has necessarily failed to demonstrate that the discovery sought by U.S. Bank requests for production is improper. *See MC Trilogy Texas, LLC*, 2023 WL 3635639, at *3. Accordingly, the Court grants U.S. Bank's motion.

No later than 14 days from the date of this memorandum opinion and order, Malloy must produce all documents that are responsive to U.S. Bank's First Set of Requests for Production to Defendant Charles Foster Malloy. If Malloy withholds any responsive document based on a recognized privilege or protection, he must produce a privilege log at that time specifically listing each document and providing information necessary to support the claimed privilege or protection.

### III.  CONCLUSION

U.S. Bank's motion to compel (Dkt. No. 59) is **GRANTED**, and Charles Foster Malloy is ordered to produce responsive documents within 14 days.

**SO ORDERED** on October 21, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE