IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee of the Citigroup Mortgage Loan Trust Inc. Asset-backed Pass-Through Certificates, Series 2007-AMC2 Plaintiff, | § § § § § § § § § § § | No. 3:24-CV-0382-B-BW |
| v. | | |
| CHARLES FOSTER MALLOY, Defendant. | | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

In this diversity action, Plaintiff U.S. Bank National Association ("U.S. Bank") seeks to foreclose on a piece of real property located in Dallas, Texas ("Property"). On July 1, 2025, U.S. Bank filed an amended motion to strike and dismiss (Dkt. No. 40 ("Am. Mot.")) in response to Defendant Charles Foster Malloy's ("Malloy") amended answer (Dkt. No. 39 ("Am. Ans.")). On August 20, 2025, U.S. Bank filed a motion for summary judgment (Dkt. No. 51 ("MSJ")) and appendix in support (Dkt. No. 52 ("MSJ App.")). On September 12, 2025, U.S. Bank filed a supplemental brief (Dkt. No. 57 ("Supp. Br.")) and supplemental appendix (Dkt. No. 58 ("Supp. App.")) in support of its motion for summary judgment. Malloy has failed to respond to either motion, and he has not requested an extension of his deadline to do so. *See* N.D. Tex. L. Civ. R. 7.1(e) (requiring response within 21 days of motion). United States District Judge Jane J. Boyle

referred this case to the undersigned United States Magistrate Judge for pretrial management.  (Dkt. No. 21.)

Based on the relevant filings and applicable law, the undersigned recommends that the amended motion to strike and dismiss be **GRANTED IN PART** and **DENIED IN PART** and that the motion for summary judgment be **GRANTED**.

## I. BACKGROUND

U.S. Bank, as trustee of a mortgage securitization trust, filed this action to enforce, and to recover damages for alleged breach of, a mortgage loan agreement. (*See* Dkt. No. 1 ("Compl.").)  In October 2006, Malloy executed a Texas Home Equity Note ("Note") in the principal sum of $320,000.00, payable to U.S. Bank's predecessor-in-interest.  (*See* MSJ App. 6–8.)  Malloy secured repayment of the Note by executing a Texas Home Equity Security Instrument ("Deed of Trust") granting the original lender a first priority security interest in the Property at issue in this case. (*Id.* 4 ¶ 7(a).)  U.S. Bank acquired right, title, and interest in Malloy's Note and Deed of Trust in June 2008; the parties agreed to modifications of the loan agreement in 2008 and 2010.  (*See id.* 28–30, 69–74, 75–81.)

U.S. Bank alleges that Malloy defaulted on the loan agreement, failing to make required monthly installment payments due for February 1, 2020, and every month since.  (MSJ ¶ 12.)  U.S. Bank further alleges that it has provided all necessary notifications to Malloy, who has not cured his default.  (*Id.* ¶¶ 13–16.)  On February 16, 2024, U.S. Bank filed this lawsuit against Malloy for breach of contract, seeking

judicial foreclosure on the Property.  (*See* Compl.; MSJ ¶ 18.)  U.S. Bank asserts that Malloy's amount owed as of July 23, 2025, is $482,697.38, with interest continuing to accrue at a rate of five percent per year.  (MSJ App. 84–88.)

Malloy, a licensed attorney appearing pro se in this action, filed his initial answer (Dkt. No. 36 ("Ans.")) on May 19, 2025.  U.S. Bank filed a motion to strike and dismiss (Dkt. No. 37 ("Mot.")) on June 9, 2025, arguing that certain denials and all affirmative defenses offered in Malloy's answer should be struck pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, while the putative counterclaim Malloy asserted against U.S. Bank in the same pleading should be dismissed for failure to state a claim.  (Mot. at 1–2.)  Malloy filed both a motion for leave to proceed in forma pauperis (Dkt. No. 38 ("IFP")) as well as an amended answer on June 18, 2025, altering only his putative counterclaim to include an additional paragraph of accusations against U.S. Bank.  (*See* Am. Ans. at 69.)  U.S. Bank filed an amended motion to strike and dismiss on July 1, 2025, reasserting its arguments from its original motion.  (Am. Mot. at 3.)  Malloy did not respond.

U.S. Bank filed its motion for summary judgment with appendix in support on August 20, 2025, following up with a supplemental brief and supplemental appendix in support on September 12, 2025, to update its summary judgment facts with a new exhibit.  (Supp. Br. at 1.)  Malloy again did not respond.  U.S. Bank filed a motion to compel Malloy's discovery responses, (Dkt. No. 59), on September 29, 2025, which the court granted on October 21, 2025, without any response from Malloy, (*see* Dkt.

No. 61).  U.S. Bank contends that Malloy has since deserted the Property and allowed it to "substantially deteriorate" into a "state of disrepair."  (MSJ ¶ 20.) Neighbors have filed numerous complaints with the City of Dallas regarding the state of the Property, the City has filed six liens against the Property for services performed related to code violations, and City officials who have inspected the Property stated that it appeared to be abandoned.  (MSJ App. 90–91.)

## II. LEGAL STANDARDS

### A.    Rule 12(f)

In responding to a complaint, the defendant must "state in short and plain terms its defense to each claim asserted against it and admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1).  In addition, Rule 8(c) allows a party to "affirmatively state any avoidance or affirmative defense." These pleading rules have been interpreted to require that affirmative defenses be pleaded "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."  *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (citation omitted).  Under Rule 12(f), federal courts have the authority to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

The decision to grant a motion to strike is within the court's discretion, but "because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are

-4-

viewed with disfavor and are infrequently granted." *Jacobs v. Tapscott*, No. 3:04-CV-1968-D, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (quoting *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)).  A motion to strike on grounds of immateriality or impertinence "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Thompson v. Tex. Dep't of Criminal Justice*, 67 F.4th 275, 283–84 (5th Cir. 2023) (quoting *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).  A motion to strike a defense is "proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citation omitted).

**B.     Rule 12(b)(6)**

A party may move to dismiss a claim if the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When considering a Rule 12(b)(6) motion to dismiss, a court must "accept all well-pleaded facts as true and view those facts in the light most favorable to" the nonmoving party. *Sterling v. City of Jackson*, 159 F.4th 361, 372 (5th Cir. 2025).  But this does not mean that courts

are "bound to accept as true a legal conclusion couched as a factual allegation,"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); nor does it require courts

to presume true mere "conclusory statements" or "threadbare recitals of the elements

of a cause of action," *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting

*Harmon v. City of Arlington*, 16 F.4th 1159, 1162–63 (5th Cir. 2021)). Rather, it simply

means that courts should take the well-pleaded factual allegations in a complaint

and, assuming their veracity, "determine whether they plausibly give rise to an

entitlement to relief." *Iqbal*, 556 U.S. at 679.

## C.     Rule 56(a)

Summary judgment is proper when "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment

bears the initial burden of informing the court of the basis for its motion and

identifying the portion of the record "it believes demonstrates the absence of a

genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A

factual "issue is material if its resolution could affect the outcome of the action."

*Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A dispute as to a material

fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir.

2005) (citing *Anderson*, 477 U.S. at 251–52).

The court views all facts and inferences in the light most favorable to the nonmoving party, *id.* at 540, and it "avoid[s] credibility determinations and weighing of the evidence," *Dabbasi v. Motiva Enter.*, 107 F.4th 500, 505 (5th Cir. 2024) (quoting *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015)).  When, as here, the moving party bears the burden of proof on a claim at trial, it must demonstrate entitlement to summary judgment by establishing "beyond peradventure *all* of the essential elements of the claim[.]"  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  "The court has noted that the 'beyond peradventure' standard is 'heavy.'"  *Carolina Cas. Ins. Co. v. Sowell*, 603 F. Supp. 2d 914, 923–24 (N.D. Tex. 2009) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 3:04-CV-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007)).

### III. ANALYSIS

**A.    Amended Motion to Strike and Dismiss**

U.S. Bank moves to strike the lengthy and nonspecific "denial" Malloy repeats in full in response to sixty of the Complaint's sixty-two paragraphs.  (Mot. at 3.)  In each denial, Malloy asserts that there is "*some*" part of the above paragraph that he "*may* be unable to either affirmatively admit or deny," claiming that U.S. Bank "seized control of the subject [P]roperty" and took away many of his personal property items, including "items of evidence . . . relevant to this case and . . . necessary to reference in order to more fully and carefully answer [U.S. Bank]'s complaint."  (*E.g.*, Ans. at 2 (emphasis added).)  U.S. Bank seeks to strike this denial

for three reasons: (1) the vague and noncommittal language violates Rule 8(b)(4)'s requirement that a party "admit the part" of each allegation "that is true and deny the rest," (2) Malloy's purported "explanation" for why he can neither admit nor deny the allegations is immaterial in an answer, and (3) the denial is prejudicial to U.S. Bank because it seems to inject irrelevant tort claims into a straightforward judicial foreclosure action. (Mot. at 4–6.)

U.S. Bank also seeks to strike Malloy's proffered affirmative defenses, in which he contends that the case is barred by the "applicable statute of limitations" as well as by "res judicata," asserts that "the judgment is unenforceable and stale," and pleads "payment by counterclaim and offset." (Ans. at 66.) U.S. Bank maintains that these affirmative defenses are improperly pleaded under Rule 8 because they lack the requisite specificity to give U.S. Bank "fair notice" of the defense being advanced. (Mot. at 6 (citing *Woodfield*, 193 F.3d at 362).)

Though Rule 12(f) provides an efficient means of disposing patently insufficient defenses, *see C&C Inv. Props., LLC v. Trustmark Nat'l Bank*, 838 F.3d 655, 660–61 (5th Cir. 2016) (citation omitted), the Fifth Circuit has long held that "the action of striking a pleading should be sparingly used by the courts" and "motions[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy," *Augustus*, 306 F.2d at 868 (citation omitted). Pleadings may be ill-advised, unpersuasive, and lacking in detail yet still bear some possible relation to the case. The act of separating the factual wheat from the meritless chaff

is better undertaken at the summary judgment stage of a case. *See Antares Reinsurance Co. v. Nat'l Transp. Assocs., Inc.*, No. 4:23-CV-00928-P, 2024 WL 3313354, at *2 (N.D. Tex. May 10, 2024). Recognizing the "established policies disfavoring motions to strike and favoring the resolution of cases on their merits," the Court should deny in part U.S. Bank's motion to strike and dismiss. *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 8 (D.D.C. 2004) (citations omitted).

Malloy concludes his amended answer with a putative counterclaim, alleging that U.S. Bank owes him damages for negligently and recklessly seizing the Property, repeatedly breaking into the premises to steal his private property, falsely reporting to the City of Dallas that the Property is abandoned, and leaving the Property unsecured, allowing "criminals" to physically damage and vandalize the premises. (Am. Ans. at 68–69.) Pursuant to Rule 12(b)(6), U.S. Bank moves to dismiss this putative counterclaim for failure to state a claim. (Am. Mot. at 4.)

Malloy fails to identify a specific cause of action against U.S. Bank. Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Malloy's putative counterclaim amounts to little more than a list of unsupported, nonspecific accusations of property damage. To survive a motion to dismiss, a claim must contain more than a mere "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555; Malloy's counterclaim does not even contain that much. Rather, it reads as a series of conclusory statements lacking

any well-pleaded factual allegations that could "plausibly give rise to entitlement to relief." *Iqbal*, 556 U.S. at 679. The putative counterclaim should be dismissed.

## B.      Motion for Summary Judgment

U.S. Bank moves for summary judgment allowing it to proceed with foreclosure against the Property. As noted, Malloy has not responded to U.S. Bank's motion. Although Malloy's failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g.*, *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990), a "summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover, when a party fails to "properly address another party's assertion of fact as required by Rule 56(c)," the court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)–(3).

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the debtor is in default under the note and security instrument; and (4) the debtor received notice of default and acceleration." *PennyMac Loan Servs., LLC v. Beall*, No. 3:23-CV-1909-B-BK, 2024

-10-

WL 5256503, at *3 (N.D. Tex. Dec. 17, 2024) (citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013)), *rec. adopted*, 2025 WL 72105 (N.D. Tex. Jan. 10, 2025).  U.S. Bank has adduced undisputed summary judgment evidence that establishes each of these elements beyond peradventure.

There is no dispute that Malloy's debt exists.  (MSJ App. 6–8.)  U.S. Bank has adduced evidence demonstrating that the debt, evidenced by the Deed of Trust, was duly recorded in the Dallas County Official Public Records, (*id.* 57–58, 60, 65, 68), that U.S. Bank is the last owner of the Note and assignee of public record of the Deed of Trust, (*id.* 28–30), and that Malloy is in default, (*id.* 4–5 ¶ 7(c)).  U.S. Bank provides the written Deed of Trust, signed by Malloy, as summary judgment evidence, which states that it was secured by a lien consistent with Section 50(a)(6) of Article XVI of the Texas Constitution.  (*Id.* 42.)  U.S. Bank has established that, under the terms of the Deed of Trust and the Note, Malloy is in default under the loan agreement.  (MSJ App. 4–5 ¶ 7(c)–(d).)  And, finally, it has attached a written copy of the Notice of Default and the Notice of Acceleration, (*id.* 31–36) and produced evidence that it mailed the Notice of Default on December 28, 2021, and mailed the Notice of Acceleration on January 4, 2022, (*id.* 37–40).

Based on U.S. Bank's undisputed evidence, the undersigned concludes that U.S. Bank has demonstrated beyond peradventure that it is entitled to summary judgment allowing it to proceed with foreclosure in accordance with the Deed of Trust and Tex. Prop. Code Ann. § 51.002.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART** and **DENY IN PART** Plaintiff U.S. Bank National Association's amended motion to strike and dismiss (Dkt. No. 40), **GRANT** its motion for summary judgment (Dkt. No. 51), and enter judgment authorizing judicial foreclosure.

**SO RECOMMENDED** on January 13, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).